UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: )<br>Hak Chu Kim, )<br>       )<br>   Debtor. )<br>       )<br>_____ )<br>       )<br>Ronald R. Peterson, as Trustee, )<br>       )<br>   Plaintiff, )<br>       )<br>   v. )<br>       )<br>Hak Chu Kim, )<br>       )<br>   Defendant. ) | Case No. 04 B 21312<br><br><br><br><br><br><br>Adv. No. 05 A 459<br><br><br><br><br><br>Honorable John D. Schwartz |

## MEMORANDUM OPINION

This matter comes before the court on the motion to dismiss the complaint filed by the debtor and defendant, Hak Chu Kim ("Kim"). Plaintiff and duly appointed trustee, Ronald R. Peterson ("Trustee") commenced this adversary proceeding to object to Kim's discharge.

### Background

On June 3, 2004 ("Petition Date"), Kim filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. §§101, *et seq.*). On January 31, 2005, the Trustee filed the complaint commencing this adversary proceeding. In it, he alleges that Kim is not entitled to a discharge in bankruptcy pursuant to §§727(a)(4)(A), (a)(3) and (a)(5) of the Bankruptcy Code. In Count I, he alleges that Kim listed no real estate assets on his schedules, that he had and knew he had an interest in his residence as of the Petition Date and that he therefore knowingly made a false oath requiring the denial of a discharge under §727(a)(4)(A). In Count II, the Trustee

alleges that Kim failed to keep books and records from which Kim's financial condition can be ascertained, requiring the denial of a discharge under §727(a)(3). In Count III, the Trustee alleges that Kim has failed to explain satisfactorily what became of the assets of his businesses, which requires the denial of a discharge under §727(a)(5).

On February 28, 2005, Kim filed an answer to Count II of the complaint. On the same date, Kim filed this motion to dismiss Counts I and III of the complaint. The motion to dismiss cites no statutory basis for dismissing the two counts and is based entirely on the premise that the allegations of the two counts are based on answers that Kim gave at his deposition on November 23, 2004. Kim objects to this because, he alleges, he has only a limited facility with the English language and the deposition was conducted without an interpreter. In the Trustee's response to the motion, the Trustee explains that Kim was given several opportunities for an interpreter and opted not to take advantage of those opportunities. Nonetheless, the accuracy or lack thereof of the testimony given by Kim is not a basis for dismissing the two counts; it is a question that goes to the ultimate determination of the facts in this case.

## Discussion

Federal pleading standards require a plaintiff to do no more than "state the nature of the claim; details can wait for later stages, such as an evidentiary hearing ... or summary judgment ..." Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002). Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint identify the basis for jurisdiction and contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a) (made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure Rule 7008). The issue on a motion to dismiss is not whether the plaintiff will

ultimately prevail, but whether it has pleaded causes of action sufficient to entitle it to offer evidence in support of its claims. Wright v. International Business Machines Corp., 796 F. Supp. 1120, 1122 (N.D. Ill. 1992).

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45- 46, 78 S.Ct. 99, 102 (1957); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir.1993).

Kim has not questioned the sufficiency of the complaint. Nevertheless, this court has reviewed the complaint and finds each count is sufficient to state a cause of action under the relevant sections of the Bankruptcy Code. Whether the Trustee can prove his causes of action are questions for another day. Having found no reason in Kim's motion to dismiss Counts I and III of the complaint, nor having found an independent reason to dismiss Counts I and III of the complaint on their face, the motion will be denied.

### Conclusion

For the foregoing reasons, the motion to dismiss will be denied.

ENTERED:

**Date: May 17, 2005**

John D. Schwartz
United States Bankruptcy Judge